# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TOMMY E. WYNN, JR., | ) |
| | ) |
| Plaintiff, | ) No. 3:13-cv-00107 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| CORRECT CARE SOLUTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Criminal Justice Center in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against Correct Care Solutions, Duane Calloway, and Trish Young, alleging that the defendants have not provided him with appropriate medical care during his incarceration. (Docket No. 1). The plaintiff seeks money damages. (*Id*. at p. 4).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I.    PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are

based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

**II.    Facts**

According to the complaint, due to "past actions" by defendant nurse Duane Calloway, the plaintiff does not trust Calloway to administer the plaintiff's medication. As alleged by the plaintiff, Calloway does not leave the plaintiff's medication in its original container as is the practice by other jail nurses; consequently, the plaintiff cannot be sure that defendant Calloway is not "do[ing] something to the medicine." The plaintiff filed a grievance stating his concerns about Calloway and, in October 2012, another nurse was assigned to provide the plaintiff with his medication. According to the complaint, this change angered defendant Calloway, who "threw his hand" at the plaintiff. (Docket No. 1 at p .3).

In the "Relief sought" portion of the complaint, the plaintiff seeks monetary relief for mental anguish as a result of racial bias and the violation of his civil rights. He also seeks monetary relief for cruel and unusual punishment, neglect and deliberate indifference, unnecessary and unwanton infliction of pain, and inadequate medical care. (*Id*. at p. 4).

**III.   Section 1983 Standard**

The plaintiff filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under §

2

1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.     Analysis of Section 1983 Claims**

Although *pro se* pleadings are subject to liberal construction, *Haines v. Kerner*, 404 U.S. 519 (1972), liberal construction does not require the court to create a claim which the plaintiff has not spelled out in his complaint. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

The plaintiff names three defendants in the complaint: Correct Care Solutions, Duane Calloway, and Trish Young. The complaint does not explain how Young or Correct Care Solutions violated the plaintiff's rights or privileges. Instead, the complaint alleges that the plaintiff filed a grievance regarding his concern over a particular nurse's conduct and that the plaintiff's concern was addressed promptly in that the plaintiff was assigned another nurse. There are no allegations in the complaint alleging that either Young or Correct Care Solutions as an entity deprived the plaintiff of medical treatment or of his medications. There are no allegations connecting either Young or Correct Care Solutions to any alleged constitutional violations. Accordingly, the court will dismiss

the Section 1983 claims against Young and Correct Care Solutions for failure to state claims upon which relief can be granted.

Although the complaint alleges that there was a history of unspecified problems between the plaintiff and defendant Calloway and that the plaintiff did not feel comfortable with the method by which defendant Calloway administered medication, the allegations in the complaint do not rise to the level of a constitutional violation.

Complaints of medical malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle v. Gamble*, 429 U.S. at 105-06. Further, a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Finally, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Berryman v. Rieger*, 150 F.3d 561, 565 (6th Cir. 1998)(citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Here, however, there is no allegation that the defendant Calloway prevented the plaintiff from receiving medication or medical care. Neither does the complaint allege that the plaintiff's health was harmed in any way by the actions or inaction of defendant Calloway. In short, the complaint does not state a claim for the violation of the plaintiff's civil rights by defendant Calloway; the claims against him will be dismissed.

Although the plaintiff states in his request for relief that he has been the victim of racial bias, there are no allegations in the complaint supporting such as statement.

4

## V. Conclusion

For these reasons, the court finds that the allegations in the complaint fail to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Thus, the plaintiff's claims will be dismissed.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge